

Attorneys admitted in
California, New York,
Texas, Pennsylvania, and
Maine

Sender's contact:
scott@donigerlawfirm.com
(310) 590-1820

Doniger / Burroughs Building
603 Rose Avenue
Venice, California 90291

Doniger / Burroughs NY
247 Water Street, First Floor
New York, New York 10038

January 27, 2025

**DELIVERED VIA ECF**
Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Case:  *Elliot McGucken v. Shutterstock, Inc. et al.*, No. 23-7652
      Re:   Response to Appellee's Notice of Supplemental Authority

Ms. O'Hagan Wolfe:

  Appellant hereby responds to Shutterstock, Inc.'s supplemental authority notice, which references the most recent decision in a case stretching back over 10 years that changes little but does underscore that there is at least a triable issue here.

  The decision is predicated on the following: Vimeo's "users can generally upload any videos without interference from Vimeo. Vimeo does not pre-screen videos presented for uploading." *Capitol Recs., LLC v. Vimeo, Inc*., 2025 WL 77234, at *4 (2d Cir. Jan. 13, 2025). Shutterstock's business is different: it prescreens *every* image submitted by users, applying its "high standards and only accept[ing] a portion of the images submitted[.]"[1] Appellant's Reply Brief, pg. 14.[2] And only Shutterstock employees, not users, can upload images to Shutterstock's website. Appellant's Brief, pg. 5. Vimeo, in contrast, only interacts with the content "after those videos were uploaded by users," and even then only by "commenting on and promoting posted videos, and banning certain types of videos." *Vimeo* at *4.

  The Second Circuit also noted that the safe harbor was more readily available to those that do not give their "users extensive advice on content." Vimeo at *11 (citation omitted). But Shutterstock provides extensive advice on content through detailed "contributor success guides" and feedback on rejected submissions for its users to meet Shutterstock's content standards and increase licensability. Appellant's Brief, pg. 30, 33-34.

  Finally, and dispositive here, Vimeo does not engage in the extra step of licensing user-submitted content to third parties, which is a further violation of 17 U.S.C. §106's right to distribute.

---

[1] https://www.shutterstock.com/blog/rejection-reasons (visited January 27, 2025 at 1:52 pm)
[2] The Second Circuit's review of *Mavrix* accords, as defendant there "reviewed each user submission for content before allowing publication" and rejected a portion of submissions that failed to meet its standards. *Vimeo* at 4. Shutterstock likewise reviews every submission and rejects a portion that fail to meet its standards.

*Vimeo* establishes that reversal with an order to enter summary judgment in McGucken's favor is appropriate. Or, in the alternative, that there is at least a triable question of whether Shutterstock qualifies for the safe harbor.

                                                Respectfully submitted,

By:    */s/ Scott Alan Burroughs*
         Scott Alan Burroughs, Esq.
         David M.S. Jenkins, Esq.
         DONIGER / BURROUGHS
         For the Appellant

**CERTIFICATE OF COMPLIANCE**

    This document complies with the word count requirements of Fed. R. App. 28(j) as the body of the letter contains 350 words.

Date: <u>January 27, 2025</u>         By:    <u>/s/ Scott Alan Burroughs</u>
New York, New York                     Scott Alan Burroughs, Esq.
                                                 *Attorney for Appellant*